### HENRY L. HUGHES CO., Inc., v. MONARCH BRUSH CO.

(District Court, N. D. New York. July 25, 1923.)

Patents ⬅328— 1,364,971, for a brush pad, held to involve invention and to be infringed.

> Alexander patent, No. 1,364,971, for a brush pad, comprising two rubber sheets vulcanized into an integral body of soft rubber having bristles projecting from one of the sheets, the bristles being formed with heads imbedded in the integral body formed by the vulcanized together sheets, *held* to involve invention and to be infringed.

In Equity. Suit by the Henry L. Hughes Company, Inc., against the Monarch Brush Company. Decree for complainant.

Frank C. Curtis, of Troy, N. Y., for complainant.

Cooper, Kerr & Dunham, of New York City (Drury W. Cooper and Thomas J. Byrne, both of New York City, of counsel), for defendant.

COOPER, District Judge. This suit is for infringement of letters patent No. 1,364,971, for a brush pad, granted to M. W. Alexander, dated January 11, 1921. The brush pad of the patent is a flexible rubber pad, in perforations of which the bristles are set. The invention in suit relates to the means for holding the bristles in the rubber pad. There are four claims in the letters patent. They may be expressed substantially by claim 1:

> "A brush pad of the class described, comprising two rubber sheets vulcanized into an integral body of soft rubber having bristles projecting from one of said sheets, said bristles being formed with heads imbedded in the integral body formed by said vulcanized together sheets."

The defenses are lack of invention and noninfringement. The defense of lack of invention will be first considered.

Plaintiff's type of rubber pad is not new. In the Raper et al. patent, No. 354,583, dated December 21, 1886, the brush pad was formed by placing bristles in perforations of a rubber sheet, with the inner ends of the bristles projecting through the sheet, and cementing to the back of the rubber sheet a sheet of fabric covering the inner ends of the bristles, which ends had been bent over. All brush pads for hair brushes since that time, and prior to the patent in suit, have substantially conformed to this construction.

By the method described in the patent in suit, the inner ends of the bristles are hermetically sealed, or imbedded in an integral body of soft rubber, formed by vulcanizing another sheet of rubber to the back of the rubber sheet through the perforations in which the inner ends

of the bristles extend. Alexander's application for a patent was rejected several times by the Examiner, and finally, on appeal to the Examiners in Chief, four claims of the patent were allowed upon the theory that the backing sheet of fabric, the patent of Raper et al., did not work out successfully, due to the inherent resiliency of the rubber, which drew it out of the interstices between the bristles, and that the problem that baffled the experts in the art for years was solved when a rubber backing sheet was vulcanized to the rubber, in place of cementing the sheet of fabric to the rubber pad, or sheet. The Examiners in Chief said:

"Ordinarily we would say that no invention would be involved in vulcanizing together two sheets of rubber that had formerly been cemented together; but in this particular instance where the only points of attachment were in the interstices between the bristles, and where the elasticity of the backing sheet would prevent proper adhesion by the use of cement, and where all the difficulty was solved by vulcanizing the sheets, invention may be involved. The long practice of cementing, the series of experiments which were conducted to improve the structure by the continued use of cement, and the adoption of the vulcanized article as soon as it was perfected, indicate that the substitution of the vulcanization step for the cementing step was not obvious, and that invention was present."

Of the prior art relied upon by the defendant there is the Mayall patent, No. 31,615, dated March 5, 1861, where the means for fastening the bristles is by fixing or setting them into rubber or gutta percha, the ends of the bristles, being bent over, are held in place by a wire, forming a tied-in head, and liquid cement is then applied. The defendant's proof shows that the Miller Rubber Company manufactures its brushes in substantially the same manner. The brushes thus manufactured are not flexible, and are not used much as hair brushes. The Read patent, No. 408,900, dated July 30, 1869, shows bristles cemented to each other with vulcanite, and then cemented to a handle. The rigid paint brush disclosed in this patent is not like the flexible hair brush of the patent in suit.

Other patents, cited by defendant as prior art, were considered by the Examiners and rightly rejected. Nothing has been cited which anticipates Alexander as to the means for holding the bristles in place. While the departure from the prior art is not great, this court feels that the Examiners in Chief were right in granting to Alexander the dignity of invention; his work being a real improvement over the prior art.

The defense of noninfringement raises little difficulty. While the patent is narrow, and its range of equivalents must necessarily be small, nevertheless it would be wide enough to cover substantially a Chinese copy of its vulcanized flexible brush pad. The sole difference claimed by defendant, between the defendant's brush pad and that of the patent in suit, is that the defendant smears the ends of the bristles with cement before vulcanizing the two pieces of rubber into one. This scarcely can be considered as a difference in construction to avoid the infringement, because the testimony in the case shows that in the art cementing is a part of vulcanization. Moreover, any slight improvement in the method would not relieve from infringement. It is

clear, therefore, that defendant's brush pad is an infringement of the four claims of the patent in suit.

A decree may be entered establishing the validity of the claims in suit, infringement by the defendant, and for an accounting.